**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ernest E. BAYNE, Defendant-Appellant.**

No. 79–5365
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1980.

Tommy Day Wilcox, Macon, Ga., for defendant-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Robert E. Lindsay, George L. Hastings, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Ernest Bayne appeals from his conviction on charges of attempting to evade income taxes. The errors asserted in the appeal all pertain to decisions made by the district court on evidentiary matters. Finding no abuse of discretion in any of the court's rulings, we affirm.

Bayne was charged with attempting to evade income taxes for the years 1972 through 1975 by failing to report all of his taxable income. His primary defense was that the money which he deposited in his business account and failed to report in his returns was a gift given to him by his mother just prior to her death. Some doubt was cast on his story by the fact that this money was deposited to his account over a period of several years rather than in a lump sum at his mother's death. Bayne sought to explain this by testifying that he believed that the money was the fruit of his

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

father's bootlegging business. Believing that the money was "illegal money," Bayne was fearful of calling attention to himself by depositing it all at one time. Defense counsel was told by the district court that Bayne would not be allowed to give an in-depth account of his father's criminal activity and would not be allowed to testify as to matters of which he had no first hand knowledge. Bayne now contends that the district court overstepped its authority in so limiting his testimony.

We have carefully reviewed the transcript of the trial, and find that Bayne was given an adequate opportunity to testify about his father's business. The record shows that he did in fact testify that he believed the money to have come from his father and that his father was in the bootlegging business. He also testified as to one occasion on which he had helped his father by delivering sugar to a customer. All of this testimony and the excluded testimony bore only indirectly on Bayne's defense, the essence of which was that the money discovered by the IRS was received by him as a gift from his mother. His belief that the money was obtained illegally was relevant only to why he deposited the money over such a long period of time. Thus, the details of his father's business were at best collateral to the real issue. We think the district court was correct in not allowing Bayne to conduct a full-scale inquiry into his father's business dealings. Questions of admissibility of evidence are left to the sound discretion of the trial judge. *Wallace v. Ener*, 521 F.2d 215, 222 (5th Cir. 1975). The record shows that Bayne was in part permitted to testify about his father's illegal dealings. Thus, the trial judge's decision to exclude testimony that would have amounted to nothing more than cumulative evidence on a collateral matter was not an abuse of discretion.

The district court also refused to permit Bayne to call Lonnie Gilmore as a witness. Gilmore worked for Bayne's father and his testimony allegedly would have supported Bayne's contention that his father was a bootlegger. For the same reasons that we find no error in limiting Bayne's testimony, we hold that there was no error in the court's refusing to allow the jury to hear testimony from Gilmore.

Finally, appellant contends that the district court erred in refusing to allow him to withdraw from evidence copies of tax returns from the years 1958 through 1976. The returns previously had been admitted into evidence at the request of defense counsel. Appellant hoped to call a former IRS agent who would testify that, based on his evaluation of Bayne's bookkeeping methods, the returns were accurate. The agent was not permitted to so testify because his conclusions would have been based on unfounded assumptions concerning inventory, prices, and sales at Bayne's place of business. Appellant does not challenge the exclusion of the agent's testimony, but argues that the returns should only have gone to the jury if their relevance were first explained by the agent.

Once the returns were admitted, appellant did not have an absolute right to withdraw them. The fact that the testimony of appellant's witness turned out to be inadmissible did not preclude appellant himself from testifying as to the significance of the returns. Once again, we conclude that the trial judge did not abuse his discretion.

AFFIRMED.